**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOANNE MACAULAY, as representative of GEORGE N. SALIE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>BI 40 LLC; EF, LLC d/b/a EISENSTEIN, FLAHERTY & ASSOCIATES; KCP ADVISORY SERVICES, LLC; and PAUL VALENTINE,<br><br>Defendants. | Civil Action No. 23-cv-11966-PBS |
| KAREN TEHAN, as representative of BERNICE WASTLER,<br><br>Plaintiff,<br><br>v.<br><br>BI 40 LLC; EF, LLC d/b/a EISENSTEIN, FLAHERTY & ASSOCIATES; KCP ADVISORY GROUP, LLC; and PAUL VALENTINE,<br><br>Defendants. | Civil Action No. 23-cv-11967-PBS |
| CAROLYN TAYLOR, as representative of NORMA GRIMSTAD,<br><br>Plaintiff,<br><br>v.<br><br>BI 40 LLC; EF, LLC d/b/a EISENSTEIN, FLAHERTY & ASSOCIATES; KCP ADVISORY GROUP, LLC; and PAUL VALENTINE,<br><br>Defendants. | Civil Action No. 23-cv-11997-PBS |

| | |
|---|---|
| CATHY CARTER, as representative of MARIA REIS,<br><br>Plaintiff,<br><br>v.<br><br>BI 40 LLC; KCP ADVISORY GROUP, LLC; and PAUL VALENTINE,<br><br>Defendants. | Civil Action<br>No. 23-cv-11998-PBS |
| JUDY DURLING, as executor of the estate of CAROLINA CHRISTENSON,<br><br>Plaintiff,<br><br>v.<br><br>BI 40 LLC; EF, LLC d/b/a EISENSTEIN, FLAHERTY & ASSOCIATES; KCP ADVISORY GROUP, LLC; and PAUL VALENTINE,<br><br>Defendants. | Civil Action<br>No. 23-cv-12642-PBS |
| ROSARIA TROKEY, on behalf of herself and as executor of the estate of PASQUALE PICARELLA,<br><br>Plaintiff,<br><br>v.<br><br>BI 40 LLC; EF, LLC d/b/a EISENSTEIN, FLAHERTY & ASSOCIATES; KCP ADVISORY GROUP, LLC; and PAUL VALENTINE,<br><br>Defendants. | Civil Action<br>No. 23-cv-12652-PBS |

**ORDER**

October 15, 2026

Saris, J.

These six civil actions arise from the receivership, evacuation, and closure of Wood Haven Senior Living ("Wood Haven"), a memory care assisted living facility in Tewksbury, Massachusetts. Wood Haven's troubles spawned a number of lawsuits filed by former residents, by the owners and operators of the facility, and by a lender to the owners. Both this Court and the First Circuit have issued lengthy decisions in these cases that describe the events leading to Wood Haven's receivership and evacuation and the legal disputes that followed. See, e.g., BI 40 LLC v. Ironshore Specialty Ins. Co., 152 F.4th 226 (1st Cir. 2025); Suny v. KCP Advisory Grp., LLC, 152 F.4th 25 (1st Cir. 2025); Tewksbury Living Grp., LLC v. KCP Advisory Grp., LLC, No. 25-cv-10130, 2026 WL 539761 (D. Mass. Feb. 26, 2026), appeal filed, No. 26-1316 (1st Cir. Apr. 1, 2026); BI 40 LLC v. Tewksbury Living Grp., LLC, 766 F. Supp. 3d 245 (D. Mass. 2025).

In the lawsuits currently before the Court, representatives of six former Wood Haven residents ("Plaintiffs") bring various state-law claims against the lender to the facility's owners and operators, Defendant BI 40 LLC ("BI 40"); the court-appointed receiver that took control of the facility's operations and assets, Defendants KCP Advisory Group, LLC and Paul Valentine (together,

"KCP"); and the company that managed day-to-day operations at the facility under KCP's direction, Defendant EF, LLC d/b/a Eisenstein, Flaherty & Associates ("EF"). Plaintiffs seek damages for harms arising from Wood Haven's hasty evacuation of the elderly residents in January 2022. KCP and EF now move to dismiss these six lawsuits under Federal Rule of Civil Procedure 12(b)(6) on the basis that the claims against them are barred by quasi-judicial immunity. See Doe v. City of Boston, 145 F.4th 142, 149 (1st Cir. 2025) (describing standard for motion to dismiss under Rule 12(b)(6)).[1]

The First Circuit recently addressed KCP's entitlement to quasi-judicial immunity in another action arising from the Wood Haven receivership brought by a former resident. See Suny, 152 F.4th at 26. The First Circuit explained that there are "two recognized applications" of quasi-judicial immunity. Id. at 30. First, quasi-judicial immunity protects "persons who, 'irrespective of their title, perform functions essentially similar to those of judges . . . in a setting similar to that of a court.'" Id. (alteration in original) (quoting Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 782 (1st Cir. 1990)). This type of immunity does "not attach" when "the function performed is not 'truly judicial'" or when the relevant conduct is

[1] The parties agree that the relevant factual allegations and legal claims are materially identical across the six lawsuits.

"taken in the complete absence of all jurisdiction." Id. (first quoting Forrester v. White, 484 U.S. 219, 227 (1988); and then quoting Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam)). Second, "persons who 'carr[y] out the orders of an appointing judge'" are entitled to quasi-judicial immunity, unless they perform "acts which are clearly outside the scope of their jurisdiction." Id. (alteration in original) (quoting Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989) (per curiam)).

The First Circuit then assessed KCP's argument that, as a receiver, it was protected by quasi-judicial immunity from the former resident's claims that it engaged in an unlawful scheme to remove Wood Haven's residents from the facility. See id. Applying only the first type of quasi-judicial immunity, see id., the First Circuit asked "whether KCP's particular acts 'relat[ed] to a general function normally performed by a judge.'" Id. at 31 (quoting Mireles, 502 U.S. at 13). The First Circuit found that KCP's "effort to remove residents from an unsafe facility subject to a receivership" was "comparable to a court exercising its equitable powers to take control of a distressed asset and conducting an analogous evacuation due to unsafe conditions." Id. And if a judge had "order[ed] residents removed from the facility . . . , she would have been immune from claims related to that act." Id. The First Circuit thus concluded that the claims

"relate[d] to a judicial function" and, as KCP "did not act absent jurisdiction," KCP was entitled to quasi-judicial immunity. Id.

Suny compels the conclusion that quasi-judicial immunity protects KCP from the six lawsuits currently at issue. Suny expressly held that KCP is immune from claims related to the evacuation of residents from Wood Haven, see id., and Plaintiffs do not dispute that all of their claims against KCP relate to the evacuation. Plaintiffs' arguments that quasi-judicial immunity does not protect KCP from these lawsuits boil down to a contention that Suny was wrongly decided. For example, Plaintiffs emphasize that while the order appointing KCP as a receiver generally protects KCP from personal liability "for any actions taken pursuant to this Order or carrying out the Receiver's duties," the order "except[s] . . . claims which arise from the willful misconduct of such person." Dkt. 29, Ex. 1 ¶ 22.[2] "The same point could have been made in Suny, however, and the First Circuit did not indicate that this language in the receivership order created an exception to KCP's quasi-judicial immunity for performing

[2] Plaintiffs also point to a Massachusetts statutory provision that states that "a receiver appointed under [Massachusetts General Laws Chapter 111, § 72N] . . . shall be liable in his personal capacity for gross negligence or intentional wrongdoing." Mass. Gen. Laws ch. 111, § 72S. This provision is inapposite. KCP was appointed as a receiver not under § 72N but rather pursuant to this Court's inherent equitable powers. See United States v. Quintana-Aguayo, 235 F.3d 682, 686 & n.8 (1st Cir. 2000) (per curiam).

judicial functions." Tewksbury Living, 2026 WL 539761, at *2. This Court is bound to follow Suny's broad understanding of quasi-judicial immunity and its specific holding that KCP is immune from claims related to the evacuation of Wood Haven. See Eulitt ex rel. Eulitt v. Me., Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority."), abrogated on other grounds by, Carson ex rel. O.C. v. Makin, 596 U.S. 767 (2022).

EF argues that it is entitled to the same quasi-judicial immunity as KCP because it acted as KCP's agent during the evacuation that underlies Plaintiffs' claims. As this Court has previously explained, "courts generally extend a receiver's quasi-judicial immunity to its agents because the receiver's protection 'would be meaningless if it could be avoided by simply suing' the agents." Tewksbury Living, 2026 WL 539761, at *2 (quoting Chua v. Ekonomou, 1 F.4th 948, 955 (11th Cir. 2021)). Plaintiffs contend that they have alleged claims based on EF's pre-receivership conduct for which quasi-judicial immunity would not apply, but a review of the complaint makes clear that their claims against EF all relate to the evacuation of Wood Haven that occurred during the receivership. And despite Plaintiffs' arguments to the contrary, the complaint does not plausibly allege that EF was

acting solely as the agent of BI 40 rather than KCP in connection with the evacuation or that EF's alleged tortious conduct was outside the scope of its agency relationship with KCP. See MacAulay ex rel. Salie v. BI 40 LLC, et al., No. 23-cv-11966, Dkt. 7 ¶ 159 (D. Mass. Nov. 2, 2023) (alleging that EF "acted . . . as an agent of the Receiver" with respect to the evacuation); id. ¶ 198 (alleging that the "Receiver, by and through its agents, the EF Parties, made false statements to" the plaintiff). EF is therefore also protected by quasi-judicial immunity from the six lawsuits at issue.[3]

Accordingly, KCP and EF's motion to dismiss is **ALLOWED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

[3] In their opposition to the motion to dismiss, Plaintiffs ask for leave to amend if the Court finds their allegations insufficient to support a claim that is not barred by quasi-judicial immunity. "[S]uch a 'passing request for contingent leave to file an amended complaint,' especially when made as a part of an 'opposition to a motion to dismiss, is insufficient' to make a proper [Federal Rule of Civil Procedure] 15(a) motion." United States ex rel. Solano v. Barton Assocs., Inc., 177 F.4th 315, 324 (1st Cir. 2026) (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 510-11 (1st Cir. 2009)). The request is also untimely, as Plaintiffs have long been aware of the holding in Suny. The Court therefore does not grant leave to amend.